IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | | |
|---|---|---|
| PATRICK HARDERS, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:22-cv-00798-MSN-JFA |
| | : | |
| v. | : | |
| | : | |
| PETER K. CANDLAND, | : | |
| | : | |
| Defendant | : | |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

COMES NOW THE DEFENDANT, PETER K. CANDLAND, by Counsel, in response to the Complaint [Dkt. No. 1] and moves the Court to dismiss the Complaint for failure to state a claim upon which relief can be granted, in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. Contemporaneously herewith, the defendant submitted a memorandum in support of his motion [Dkt. No. 6]. The grounds for the motion are summarized as follows:

Plaintiff Harders alleges that Defendant Peter Candland ("Supervisor Candland"), a member of the Prince William County Board of County Supervisors, violated his constitutional free speech rights by "blocking" his comment and another person's comment from a single Facebook post. He is suing Supervisor Candland pursuant to 43 U.S.C. § 1983 in his individual and official capacities. Harders also asserts a state law claim of a violation of free speech protections under Article I of the Virginia State Constitution.

An official capacity suit is not truly against the individual, but against the governmental entity that the official represents. See *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 n.55 (1978). A "governmental entity is liable under § 1983" in an official capacity claim

1

"only when the entity itself is a moving force behind the deprivation," and the entity's "policy or custom must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citations omitted). The Complaint's official capacity claim fails because it does not allege any facts to conclude that Prince William County has a policy or custom of deleting Facebook posts. Indeed, the Complaint only alleges that two comments were "blocked" from a single post.

The Complaint's § 1983 personal capacity claim should be dismissed because defendant is entitled to qualified immunity. Qualified immunity protects government officials from civil suits when their performance of discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rish v. Johnson*, 131 F.3d 1092, 1095 (4th Cir. 1997) *citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Further, liability under a § 1983 personal capacity claim requires personal involvement by the defendant in the alleged violation. The personal capacity claim here fails because, even assuming arguendo that some comments from a single post were hidden temporarily, there is no reason to assume, as the Complaint does, that Supervisor Candland personally operated the official county Facebook page.

If instead the claim is that Supervisor Candland is responsible even if he personally did not operate the official County Facebook page, but a Prince William County employee did, it is black letter law that government officials, such as Supervisor Candland, may not be held liable under a theory of *respondeat superior*. Instead, in an alleged case of supervisor liability, the Fourth Circuit has a three-part test to establish supervisory liability: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a

pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). The Complaint fails to allege any of these necessary elements. In any event, the single episode cited in the Complaint would not be "pervasive" enough to meet the first prong.

The state law claim of a violation of free speech protections under Article I of the Virginia State Constitution fails to state a cause of action. The Complaint does not specify which Section of Article I was allegedly violated. However, presumably it is Section 12 of Article I of the Virginia Constitution, which prohibits the General Assembly from "pass[ing] any law abridging the freedom of speech or of the press." However, this limits the right of action to only those circumstances in which a party challenges laws enacted by the General Assembly or ordinances adopted by localities. Furthermore, Article I, Section 12 is not self-executing and therefore does not provide an independent basis for a private right of action.

WHEREFORE, the defendant prays that this Honorable Court grant his Motion to Dismiss; dismiss the plaintiff's Complaint with prejudice; grant the defendant his attorneys' fees and costs; and for such other and further relief the Court deems just and proper.

DATED September 13, 2022

                                                  Respectfully submitted,

                                                  PETER K. CANDLAND
                                                  By Counsel

MICHELLE R. ROBL
County Attorney


_____/s/_____
ROBERT P. SKOFF, VSB # 34815
Senior Assistant County Attorney
One County Complex Court
Prince William, VA  22192-9201
Phone: (703) 792-6620
Fax: (703) 792-6633
rskoff@pwcgov.org
Attorney for Defendant


## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 13th day of September, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the attorneys of record.


_____/s/_____
ROBERT P. SKOFF, VSB# 34815
Senior Assistant County Attorney
One County Complex Court
Prince William, VA  22192-9201
Telephone:  (703) 792-6620
Telefax:  (703) 792-6633
rskoff@pwcgov.org
Counsel for Defendant